IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIFESTYLE SOLUTIONS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| ABBYSON LIVING LLC, and | § | |
| ABBYSON LIVING CORP., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lifestyle Solutions, Inc. files this Original Complaint against Defendants Abbyson Living LLC and Abbyson Living Corp. and alleges the following:

### PARTIES

1.      Plaintiff Lifestyle Solutions, Inc. ("Lifestyle") is a corporation organized and existing under the laws of the State of California with a principal place of business at 5555 Auto Mall Parkway, Fremont, California, 94538.

2.      Upon information and belief, Defendant Abbyson Living LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 26500 Agoura Road, Suite 102-875, Calabasas, California, 91302-1952, and Abbyson Living Corp. is a corporation organized and existing under the laws of the State of Nevada, and is the managing member of and has its principal place of business at the same address as Abbyson Living LLC (collectively "Defendants" or "Abbyson").

## JURISDICTION

3.      This Court has subject matter jurisdiction by way of federal question jurisdiction because this is a patent infringement lawsuit arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq*. *See* 28 U.S.C. § 1331 & 1338(a).

4.      This Court has personal jurisdiction over Abbyson, a nonresident, because Abbyson has established minimum contacts with the State of Texas, and the exercise of jurisdiction over Abbyson does not offend traditional notions of fair play and substantial justice, as Abbyson does business, and has committed the acts of patent infringement alleged herein, in the State of Texas, including this judicial district.  *See* TEX. CIV. PRAC. & REM. CODE § 17.042 (Texas Long-Arm Statute); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("[s]erving a summons … establishes personal jurisdiction over a defendant … who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  In particular, and upon information and belief: (a) Abbyson's infringing products are offered for sale, sold, and/or distributed, and continue to be offered for sale, sold, and/or distributed, in the State of Texas, including this judicial district, by or through intermediaries, including through online sales and delivery services via the internet, including via the Sam's Club website; (b) Abbyson's customers and/or potential customers of the infringing products reside in the State of Texas, including in this judicial district; and (c) Abbyson targets its infringing activities towards customers, and/or potential customers who reside in the State of Texas, including in this judicial district.

5.      Upon information and belief, Defendants have the same registered agent. Abbyson may be served with process as provided under FED. R. CIV. P. 4(c), 4(e)(1), and 4(h)(1), as effected pursuant to TEX. R. CIV. P. 106(a)(2) and 108 being the state law for serving a summons upon non-residents in an action brought in the courts of general jurisdiction in the state

where the district court is located, by U.S. certified mail, return receipt requested to the last known residence, usual place of business or registered office of Defendants, including via their registered agent: Robert E. Wynner, 31248 Oak Crest Drive Suite 100, Westlake Village, California 91361-5671.  The foregoing name and address of Defendants' registered agent is derived from information registered with the California Secretary of State.

6.      Additionally and/or alternatively, Abbyson may be served with process as provided under FED. R. CIV. P. 4(c), 4(e)(1) and 4(h)(1), as effected pursuant to the Texas Long-Arm Statute being the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located, through the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701, which shall forward process to Defendants' principal place of business and registered office at 26500 Agoura Road, Suite 102-875, Calabasas, California 91302-1952, Attn: Robert E. Wynner, Registered Agent .  TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)-(b), 17.045(a); *see* TEX. R. CIV. P. 106(a)(2), 108.  The Texas Secretary of State serves as Abbyson's agent for service of process because Abbyson, a non-resident, has engaged in business in Texas from which this lawsuit arises, but has not designated or maintained a resident agent for service of process in Texas and/or does not maintain a regular place of business in Texas.  The foregoing address of Defendants' principal place of business and registered office is derived from information registered with the California Secretary of State.

## VENUE

7.      Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, in this judicial district.  *See* 28 U.S.C. §§ 1391(b)(2) & 1391(c)(2).  Venue is also proper in this judicial district because, as alleged herein, Defendants have committed acts of patent infringement in this judicial district, and Defendants are reaching

out to do business with Texas residents in this judicial district by operating, by or through intermediaries, including through online sales and delivery services via the internet, including via the Sam's Club website, one or more commercial, interactive stores through which Texas residents can purchase infringing products.  Defendants have targeted sales from Texas residents, in this judicial district, through such intermediaries operating online stores that offer shipping to this judicial district, and, on information and belief, have offered for sale and sold infringing products to residents of Texas in this judicial district.  Each of the Defendants is committing tortious acts in this judicial district, is engaging in interstate commerce, and has wrongfully caused Lifestyle substantial injury in the State of Texas, in this judicial district.  *See* 28 U.S.C. § 1400(b).

### STATEMENT OF FACTS

#### Lifestyle's Business and Intellectual Property

8.      For many years, Lifestyle has continuously engaged in the development, manufacture, marketing, and sale of premium furniture products, including, for example, adjustable sofa beds (also known as convertible sofas).

9.      Among other intellectual property, Lifestyle owns U.S. Design Patent No. D610,366 (the "366 Patent"), which is titled ""Sofa Bed With Multiple Positions," and which covers a certain unique and distinct design for adjustable sofa beds.

10.     On or about February 23, 2010, the '366 Patent was duly and legally issued by the U.S. Patent Office to Lifestyle.  Lifestyle owns the entire right, title, and interest in and to the '366 Patent.  A copy of the '366 Patent is attached hereto and incorporated herein by reference as Exhibit 1.  An exemplary view of a figure in the '366 Patent is displayed in Illustration 1 below.

**Illustration 1: Exemplary Figure in Lifestyle's '366 Patent.**



FIG. 8

11.     Lifestyle has continuously practiced the '366 Patent by manufacturing, offering to sell, and/or selling adjustable sofa beds under various brands and marks, and has placed a patent marking appearing on and affixed to these adjustable sofa bed products. Illustration 2 below shows an exemplary image of one of these adjustable sofa bed products, which Lifestyle has offered for sale in this judicial district since about 2010.

**Illustration 2: Exemplary Image of a Lifestyle-Brand Adjustable Sofa Bed Product That Embodies the '366 Patent.**



12.     Illustration 3 below is an image of the patent marking appearing on and affixed to the adjustable sofa bed product identified in Illustration 2 above.

**Illustration 3: Exemplary Image of Patent Marking As It Appears On a Lifestyle-Brand Adjustable Sofa Bed Product, Such As Identified In Illustration 2.**



13.     Lifestyle has enjoyed significant sales of these adjustable sofa bed products throughout the United States, including sales to customers in the State of Texas. Lifestyle has also expended significant resources advertising and promoting these adjustable sofa bed products.

**Abbyson's Unlawful Activities**

14.     Abbyson is a national brand and a wholesaler, designer and manufacturer. Abbyson products and its collections cannot be purchased directly from their website.  Instead Abbyson's products, including the infringing products, can be purchased from any one of their many intermediaries, who are authorized dealers.  Many online retailers are such intermediaries and carry Abbyson's products.  Abbyson has been aware of the '366 patent at least as early as April 2012.  Abbyson has also been aware since at least April 2012 that Lifestyle has alleged that one or more Abbyson adjustable sofa bed products infringed the '366 patent.  Yet, Abbyson has purposefully made, offered for sale, sold, and distributed, and continues to made, offer for sale, sell, and distribute, adjustable sofa beds, at least under the name brands or marks "Chelsea," and "Quantum," which violate Lifestyle's patent rights protected by the '366 Patent (collectively, the "Infringing Products").  Upon information and belief, Abbyson has also imported, and continues to import, the Infringing Products into the United States.  Lifestyle has not authorized any of the foregoing activities.

15.     Illustration 4 below shows an example of Abbyson's Infringing Products.

| Illustration 4:  Exemplary Image of Abbyson's "Chelsea" Infringing Product |
|---|
|  |

| Illustration 5: Exemplary Image of Abbyson's "Quantum" Infringing Product |
|:---:|
|  |

16.    As a result of Abbyson's unauthorized activities related to the Infringing Products, Lifestyle has been injured in an amount to be determined at trial.

## CAUSES OF ACTION

### Count 1 – Patent Infringement Under 35 U.S.C. § 271

17.    Lifestyle incorporates paragraphs 1 through 16 above herein by reference.

18.    Upon information and belief, Abbyson has infringed and continues to infringe the '366 Patent because the design of the Infringing Products are covered by the claim of the '366 Patent; and Abbyson has made, used, offered to sell, sold, and/or imported, and is making, using, offering to sell, selling, and/or importing, the Infringing Products within or into the United States without the express or implied license or other authority of Lifestyle.  In particular, Abbyson's Infringing Products infringe upon Lifestyle's '366 Patent literally, under the doctrine of equivalents, and/or by way of contributing to and/or inducing infringement of the '366 Patent by others (e.g., having intermediaries offer to sell, sell, and/or distribute the Infringing Products). Such acts of infringement have been made, and continue to be made, in violation of Lifestyle's rights during the term of the '366 Patent.

19.    Unless enjoined by this Court, such acts of infringement will continue to occur in violation of Lifestyle's rights during the term of the '366 Patent.

20.     This is an exceptional case in view of, *inter alia*, Abbyson's willful patent infringement activities, as alleged herein.

21.     Lifestyle has been, and will continue to be, injured and damaged as a result of Abbyson's patent infringement activities, for which Lifestyle is entitled to monetary relief under at least 35 U.S.C. §§ 281, 284, 285, and/or 289.

22.     Abbyson's patent infringement activities has also caused, and will continue to cause, irreparable harm to Lifestyle, for which there is no adequate remedy at law, and for which Lifestyle is entitled to injunctive relief under at least 35 U.S.C. § 283.

## CONDITIONS PRECEDENT

23.     All conditions precedent to Lifestyle's claims have occurred or been performed.

## JURY DEMAND

24.     Lifestyle demands a jury trial on all triable issues.  FED. R. CIV. P. 38(b).

## PRAYER

25.     For these reasons, Plaintiff respectfully asks the Court for:

    a.     an injunction against further infringement of the '366 Patent by Abbyson, and each of its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert with any of them, including at least from making, using, offering to sell, selling, distributing, or importing the Infringing Products, or any other products that practices or otherwise uses or violates any right secured by the '366 Patent or any claims covered by the '366 Patent, pursuant to at least 35 U.S.C. § 283;

    b.     an order directing Abbyson to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

    c.     an order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that practices or otherwise uses or violates any right secured by the '366 Patent or any claims covered by the '366 Patent in Abbyson's possession, custody or control, and (iii) all means of making the Infringing Products in Abbyson's possession, custody or control;

d.      an order barring importation of the Infringing Products into the United States, pursuant to at least 35 U.S.C. § 271(a);

e.      an award of damages adequate to compensate Lifestyle for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Abbyson's profits from its patent infringements pursuant to 35 U.S.C. § 289;

f.      a judgment and order finding that this is an exceptional case, and granting an award of Lifestyle's costs and reasonable attorney fees, pursuant to at least 35 U.S.C. §§ 284 and 285;

g.      an award to Lifestyle of pre- and post-judgment interest, as allowed by law; and

h.      such other and further relief as this Court deems just and proper.

November 22, 2016

Respectfully submitted,

JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 – Telephone
(512) 236-2002 – Facsimile

By: */s/Michael P. Adams*
        Michael P. Adams (TSBN 00872050)
        madams@jw.com

ATTORNEYS FOR PLAINTIFF
LIFESTYLE SOLUTIONS, INC.

# EXHIBIT 1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 22, 2016, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system; that Defendants' Filing Users for the CM/ECF system to send notification of such filing are currently unknown because Defendants have not yet been served with process or appeared in this lawsuit; and that Defendants will be served with a copy of the foregoing document contemporaneously with the service of process.

*/s/ Michael P. Adams*
Michael P. Adams